So this case presents the question of whether a contractual forum selection provision trumps the beneficial protections of a non-waivable statute. Here it's the Washington State Securities Act. And the applicable analytic framework comprises two fundamental legal doctrines. One is the recognition of and deference to parties' right to contract. And the other, on the other hand, is the acknowledgement and recognition of important public policies and ensuring that contract provisions do not undermine those policies or deprive a party of right to redress. Here, the district court granted Alicia Cao's motion to dismiss under the doctrine of forum non-convenience, and this court should reverse and remand. As a starting point, the essential purpose of the Washington State Securities Act is to safeguard and protect Washington investors. And the statute embodies a fundamental public policy. And consistent with such a policy, the beneficial protections of the statute can't be waived. And the statute expressly says so. So let me jump in on that because I'm concerned about the Supreme Court's most recent guidance to us in Atlantic Marine, which says that a forum selection clause is enforceable in all but the most exceptional cases. And so my concern is if a non-waiver clause means that a forum selection clause is not enforceable, then that, because there are so many non-waiver clauses in state statutes, whether that is contrary to the direction we got from Atlantic Marine, whether that would undercut that direction. Well, I would say, Your Honor, that it does not. And the reason is, is Atlantic Marine does not address that issue specifically. It does talk about the nature of the analysis and the circumstances and the framework of looking at challenges to forum selection clauses. It does not, however, address the issue of where you have state policies that are important policies that are identified as non-waivable. And so absent, absent, I'm sorry. So would you say in every case where a state statute states it's non-waivable, which are a lot, that that would trump a contractual forum selection clause? Or is there something different about this case? I think that conceptually your hypothetical is accurate, which is if you have state determinations that certain protections for its residents are not waivable, then you cannot have a circumstance where those get waived by a contract. And by way of example, if the district court is affirmed here, what we're doing essentially is creating a roadmap for how one can deprive Washington residents of state It would be a foolish promoter or issuer who didn't come up with and sell in Washington with a forum selection that says state X, which does not have the protections that Washington does. That's what would happen. And I would say that the unusual circumstances referred to in Atlantic Marine are precisely those where a legislative body or judicial decision has said policy X is a fundamental policy that matters. There's no case holding that. So you would ask us to, to reach that conclusion. Is that correct? Well, I guess I'm not sure that there is no case holding that. There are cases. After Atlantic Marine, there isn't. There are, there are, there is no Supreme Court decision on point. And I'm not aware of there being a specific case that actually says, here's what Atlantic Marine holds. This is why fundamental policies of the state are those exceptional circumstances. I'm not sure that that fits. I am aware of cases subject, subsequent to Atlantic Marine where courts have denied motions to transfer or dismiss on the basis that the policy underlying the statutory claim isn't waivable. So it happens. Counsel, could I interject a question, please? Yeah. What's the relationship, if any, between the forum, not the forum selection clause and the choice of law provision? The, um, the bail decision addresses this, Your Honor. Um, and it, it, it basically, I think, holds that where you have, um, non-waivable claims that the court in looking at the enforcement of forum selection has to look at the choice of law, that the intersection exists where they're non-waivable, where claims that are waivable, then it's a different analysis. And, and this relates a little bit to the question you'd asked, Your Honor, which is that the courts, especially in California, have looked at a lot of different statutory provisions and seen that some are not waivable and some are. By way of example, um, a claim under the unfair competition statute 17-200 is waivable, but other claims, for example, the Consumer Legal Remedies Act are not. And in making that distinction, the courts are looking at then whether or not that policy is one that can be waived by contract. So, so I have a note here about Richard's v. Lloyd's of London, which was a fairly old case of ours under, um, Securities Act, which had a non-waiver policy and the agreement had both a choice of law and a forum selection clause requiring the parties to adjudicate the dispute in the courts of England and under the laws of England. Um, and we said notwithstanding the anti-waiver provision, that agreement could be enforced. Now that one was pre-Atlantic Marine, but at least suggests that even when there's a choice of law and forum selection clause and an anti-waiver provision, we don't, we don't take the absolute, um, um, position you're suggesting. Well, I would say, Your Honor, that that case actually involves introduction of a third doctrine into the analytic framework, and that is where you're dealing with deference to international law and trade agreements, and there's actually a subset of the law in this area in where you're dealing with international trade agreements and the analysis is a little bit different. And I think that the Richards court actually, its decision turned on exactly that point, the court said that if they were to hold otherwise, quote, the reach of United States securities laws would be unbounded, and they were concerned about the idea of trying to impose U.S. securities laws on the rest of the world. I think we have a very different circumstance where we're talking about the, the, the difference between States within the United States and the deference to those States determination about public policy. And so therefore I think Richards, um, is a different, uh, horse. Similarly, it actually tracks with the, um, Adema or Adema case, which also dealt with an international agreement and application of, of, of, um, it called for German law, I believe. And the court's analysis there was triggered on two things. One, the underlying claim was a waivable statute. It was a 17200 claim. And B, the, the law called for by the contract was German law. And so the court was concerned again about the kind of interference with foreign law that I would say is more of a Richards camp and it's a different, uh, beast altogether. So the district court imposed a number of, um, I guess, alleged conditions on its dismissal. Uh, are those conditions binding on a California court in any way? I don't know, Your Honor. I mean, I worry about whether they are or not. I mean, I have no reason to believe that, um, the, uh, uh, Pelley and out of those, but I couldn't tell you. Uh, I have a lot of concern about how that would play out. I know, for example, that, um, in the brief, um, Ms. Cow's counsel represented that, uh, the California court would likely apply Washington law. I have no idea about how one can make that argument either legally or factually. And I, the California court could declare the choice of law provision to be contrary to public policy in California and apply the Washington law instead, couldn't they? I suppose they could. Hypothetically, I'm not aware of actually any case I've seen in which California court has said, we're not going to enforce the California choice of law. And I've seen actually the inverse where California courts have declined to enforce other jurisdictions because it conflicted with California, but not the example you're giving. And Hall v. Superior Court is an example of the latter. Um, I think the way to look at that is to sort of put the, the, the different cases in categories. And one is, um, the ADEMA technologies and the cases in which the courts have found there to be a waivable claim. And the other is in the cases like Bayall v. Zipcar or Perry v. AT&T Mobility or, uh, Doe v., uh, um, um, the AOL. Those cases all involve, the latter, all involve non-waivable statutory claims. And each instance, the court is saying, okay, we've got a non-waivable claim. And then we're going to look at what the alternate jurisdiction accounts for and make that analysis. And if there is a risk that the plaintiffs are not going to be able to have redress in the other jurisdiction, then we're not going to force the clause. Well, here we have calling for California law. We have, uh, no evidence, no factual basis, no legal basis to say that the, uh, California law provisions will be applied here to these particular claimants. The issue is the, the extraterritorial application of the California statute. Recognizing and keeping in mind that the underlying conduct here involved representations, misrepresentations in Washington. So there were some activities that happened in California as well, or at least opposing counsel says, let me ask you, I mean, in Doe 1, um, in that case, there was a judicial opinion on point, I think. Is that right? So there was a judicial opinion on point about waiver. The court found that the issue of waiver could be determined either by statute or by judicial determination. And they looked to a prior case, which found that the claims at issue in Doe had been determined non-waivable by prior case. Is there anything on the Washington, um, securities act that, uh, that takes that position? Case law as opposed to statutory. So it has a standard, no waiver provision. I mean, that's what concerns me because there are so many state statutes that have that. And I'm concerned, as I mentioned about Atlantic Marine, but I'm wondering if there's any Washington state court that said as a matter of public policy, this has to stay in Washington. Um, I believe that IDO, the IDO international corp, which is cited in the papers, and it may also be in Stewart v. Estate of Steiner, again, cited in the papers. I think, um, I looked at IDO and I, it didn't seem on point. My recollection, and I'm speaking. Oh, it was, it involved all Washington parties, um, in that case. And here it's, it's foreign defendants and foreign investments. I believe IDO involved a forum, forum selection. It was a choice of law case. Yeah. Choice of law and involving just Washington parties. And the court was declining to enforce the choice of law because it would preclude the state securities act.  And, uh, in tandem with the actual expressed language in the statute, I think it's pretty clear that we're dealing with a strong public policy that is non-waivable. But, but no court in Washington has said that. I am not aware of one. Yeah. Okay. Thanks. I am going to reserve the rest of my time unless the court has any questions. That's fine. Thank you. If it may please the court. My name is Darren Feider and I represent the appellee, Alicia Kao. We ask that the court affirm the decision of the district court. There's no evidence that the district court abused its discretion in grant, in dismissing this case under the forum non, um, convenes doctrine. What we have here is we have a forum selection clause that points to California, not to Washington. The claims that are raised here relate to the stock purchase agreement. They relate to the investment in the, uh, advanced China healthcare, and that California does provide an adequate forum. But, but what's wrong with the theory of opposing counsel that it is an exceptional case when, um, relating to public policy, which is pretty much what's left after Atlantic Marine, uh, when there's, when the, um, state legislature has seen fit to put in it, that these protections are not waivable. Why doesn't that, uh, trump the contractual forum selection clause? First is Atlantic Marine says that at page 583, that the choice of law privilege does not go for the improper state. In other words, filing in Washington does not give the plaintiffs that right. It's, it's, that's the first thing. There's no state law advantage because you fly, you file here. If so, everyone would file another state, which says non-waivable privilege to get out of the, the state in which they agreed to go to, that's number one. Number two is that Ms. Mao is not saying that they've waived their Washington State Security Act claims. That's not their position. Further... Doesn't the choice of law provision do that? Well, the choice of law provision can be severed and set forth in the agreement. Number two is that, um, there is no, there is no proof that, um, that under choice of law analysis, the California court would apply California law. And more importantly, the issue about waiver is the public policy of protecting individuals who invest in and purchase securities, California public policy and Washington public policy are almost identical on those issues. So in that sense, I think... But if you look at the plain language of the California statute and you apply the choice of law provision, is there anything other, anything else to do for the court other than to dismiss the case? The California court? Right. No, Your Honor, they would maintain the case because Ms. Mao agreed to the conditions set forth by the district court, which is to not take the position that because some of the actions occurred in the state of Washington, that they therefore would not be covered by the California statute. But does that bind a California judge? She'd be in violation of a court order. And in that sense, it would be improper for her to take the position. One could argue that's the law of the case and that's in that situation. So turning to one of the questions Your Honor raised, which is whether or not, how does a non-waiver clause undercut the Atlantic Marine decision? It does. And what they said in Atlantic Marine is there is no, there is no evidence that a Virginia court cannot enforce Texas law. That's the same issue here. There's no evidence that a California court cannot enforce Washington law. And that... Counsel, let me ask you a question on that. Are you suggesting that? If the dismissal stands, that the people who bought these securities in the state of Washington could apply, could make their claim under the Washington security statute in the California court? I am. So that flies in the face of the choice of law probation, doesn't it? Well, as I said earlier, Your Honor, that they can assert the claims and then the court in California make a choice of law analysis. In this case, my client cannot deny that the California law applies, but they haven't addressed the issue of whether or not the Washington law applies. So they can assert a Washington law claim. There is no evidence in the record or any authority that says California would not assert Washington law. They go through the same choice of law analysis. Turning to the issue of... But would you make the argument in the case that the choice of law provision is invalid? If I were a plaintiff's counsel, yes, I would, because I would say... If you were, if you were representing the defendant in a California court based on the, the Washington district court dismissal, would you make the argument that the choice of law provision is not valid and can't be applied? I would, based on the court order, I would say yes. Turning to the issue of Doe 1. Doe 1 involves a Virginia court that rejected class actions, did not allow them to assert a class action, and also limited the remedies. That's not the situation here. California allows individuals who purchase securities to assert claims. So Doe 1 is not applicable and it's four years before Atlantic Marine. So it's prior to that precedent. Number two, the issue of relationship between the choice of law and the forum selection clause. And there was a discussion of bail, which is a district court decision. And the issue in bail is if a Zipcar membership agreement that chooses Massachusetts as a choice of law is enforceable and should, and move, and transfer the case to Massachusetts. What the court said, the district court said, first of all, we recognize  But what we see is that Massachusetts has fewer remedies than they do in California. And number two, that Massachusetts choice of law analysis is very simple. They'll just apply Massachusetts law and that's in the decision. So the bail case is different than our situation. I don't think it's applicable. Turning to the issue of Ito. Ito is a choice of law case. It's a state law case. It's a choice of law case in determining whether or not Japanese law or Washington law applies. In the choice of law analysis, the court decided that Washington law applies. So addressing the issue of non-waiver, that has not been decided. So as the Atlantic Marine case said, absent exceptional circumstances, the forum selection clause should be enforced. I'd like to point out that there are contacts, as the court noted, with changing the discussion. This is not a localized concern in Washington. That's how it's being represented. But in fact, it's a Cayman Island corporation that's doing business in China, that the president is a California resident. The contract was signed. The stock purchase agreement was signed in California. The appellants are accredited investors. They came down to California and they signed the agreement and they agreed that the place of dispute would be California. They knew when they entered into the agreement that if there was a dispute later about their acquisition of $2.8 million worth of stock, they would handle this case in California. They have now tried to get around that and plead around that issue. Their complaint actually references the stock purchase agreement. If you look in paragraphs 10, 20, 9, and 3.5, there are references to the stock purchase agreement. If the stock purchase agreement makes certain representations of warranties, the funds will be used for medical centers, that they have existing licensing and permitting, that there was serious seed funding received, and financial statements are accurate. The complaint says all those are not true. So this complaint does arise out of the stock purchase agreement. So it's not a localized concern and does relate to the stock purchase agreement. Turning to the issue of what did the Supreme Court say when it issued Atlantic Marine about the burden of proof? It put the burden of proof on the party who's challenging a valid forum selection clause. And there is a high burden. And there are three things the court said. Number one, that it's a heavy burden, excuse me, that will give controlling weight, that there's no choice of law privilege if you violate a forum selection clause. So I repeat that. There's no choice of law privilege. So filing here doesn't give you that benefit. So the first question is, is there an adequate alternative forum in California? Yes. In order not to have an adequate alternative forum, there has to be no remedy. That's a luck decision. There is a remedy for them. They can file suit. It's not a better remedy. And that would be the Adema case that talks about just because you can do better in California or in Washington than California, doesn't mean that's a adequate forum. That's the same thing with the case involving Germany, which I believe is, I don't have that case in front of me. I apologize. So first of all, is it an adequate forum? Yes. As I said earlier, this is about choice of law. This is not about choice of law. It's about choice of forum. And California public policy likewise protects investors from fraud and deception. And California has adopted the same strong public policy language as Washington. In other words, the California courts can vindicate Washington's public policy of protecting investors who purchase stocks. And finally, Your Honor, we believe that the court, Your Honors, conditioned this dismissal to protect the appellants. They just didn't dismiss this case and say, good luck. They said, number one, you cannot argue that California law is not applicable. So you cannot use the statute to get out of it. Number two, you must be subject to the jurisdiction of California. Number three, you cannot, or you must accept service of process. And finally, you cannot argue that statute of limitations has expired. So for purposes of protecting the appellants, they received that from the district court. They will not be deprived of their day of court. And when it comes to the public interest factors, which they were, the burden of approval is on them to argue, appellants didn't address the public interest factors. They didn't discuss whether or not there was congestion in Santa Clara County. This is a localized interest. This is not a localized dispute, as I said earlier. And finally, as I said with the Supreme Court in Atlantic Marine Construction, courts in California have the ability to enforce Washington law with today's modern technology. There's an interest in holding parties to their bargain. The public policy, the Washington, Washington public policy, California public policy, United States public policies enforce valid form selection clause. California is an adequate forum and enforcement of this clause, the form selection clause, as noted by the U.S. Supreme Court in Atlantic Marine decision, furthers a vital interest of justice. Thank you very much. Thank you very much. Mr. Willie. To briefly make a couple of points. Number one, I believe if you look back at the district court's order, it is apparent that the court misconstrued the application of Atlantic Marine. And in particular, what the court seemed to see was that Atlantic Marine holds that where you are, a plaintiff is challenging a form selection by filing in a non public interest. Factors are not accounted for by the court in its analysis. That's different from the public interest factors. I mean, Atlantic Marine distinguishes between those two. And what the court here said was that because Atlantic Marine holds that, therefore Washington state public policy would seem to have no bearing on whether the party's valid bargain for forum selection clause should apply. In other words, the district court did not even engage in the analysis. That I think misconstrued Atlantic Marine. Secondly, the court's conditions in the order do not require Ms. Cao to waive any rights under California law. The order says simply that she won't take the position that California law does not apply. Right. This gets at the concern that we articulated and has never been resolved for the court or anywhere else about the extraterritorial application. But that's a separate question. As you recognized about whether a California court is in any way bound by what Ms. Cao can't argue. Secondly, if I am down in California and I'm representing Ms. Cao, I'm going to come into court. I'm going to say this contract has a choice of law. No, there's no Washington Securities Act claim. And by the way, the California statute does not apply to the Washington residents and Washington conduct. Dismiss the case. That's what will happen. That's what I would argue. And there is no authority anywhere that's been cited to tell us that California courts are going to ignore that choice of law. Finally, there is no case cited and no authority anywhere where there is a non waivable state statute that is ignored in favor of form selection. Not before Atlantic Marine and not after. The court has no further questions. Done here. Thank you. We thank counsel for their fine arguments. And the case of Ye Sun versus Vance China Healthcare shall now be submitted.
judges: Gould, Ikuta, Tunheim